DOCKET NO. 915

APR - 9 1992

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE ALERT INCOME PARTNERS SECURITIES LITIGATION

BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR.,[*] AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of eight actions pending in the following districts: three actions in the District of Delaware; two actions in the District of Colorado;[1] and one action each in the Central District of California, Northern District of California and Southern District of New York. Before the Panel is a motion by the Northern California plaintiffs to centralize these actions, under 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings. All parties agree that 1407 transfer is appropriate; however, they disagree regarding the appropriate transferee court. Movants along with plaintiffs in five actions and one related Southern New York action, two individual defendants, several Alert entity defendants[2] and defendant Coopers & Lybrand support centralization in the Southern District of New York, wherein bankruptcy proceedings of several Alert entities are underway. Defendant Alert Capital Corporation, seven individual defendants, the law firm defendant and plaintiffs in the two Colorado actions support centralization in the District of Colorado, where several of the Alert entities are headquartered. The Central California plaintiff suggests centralization in the Central District of California or, alternatively, in the Colorado court. Several individual defendants alternatively favor centralization in the Northern District of California.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the District of Colorado will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact concerning alleged

---

[*] Judge Merhige took no part in the decision of this matter.

[1] The Colorado actions are included in the matter before us because the parties to those actions have stated in writing their respective positions on the present motion and had an opportunity to present oral argument at the Panel's March 27th hearing.

The Panel has also been notified that related actions have recently been filed in the Southern District of New York and Central District of California. These actions, and any other actions that come to the Panel's attention, will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

[2] These Alert entities are Alert Holdings, Inc., The Alert Centre, Inc., Alert Equity Corporation, Alert Funding Corporation II, Alert Funding Partners, Ltd., and Alert Management Services, Inc.

- 2 -

misrepresentations and omissions to investors in the marketing and sale of a series of limited partnerships (known as Alert Income Partners). These partnerships were formed to fund the acquisition of residential security system service contracts from local alarm system installation companies. Centralization under Section 1407 is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Colorado is the appropriate transferee court. Because several of the Alert entities are headquartered in that district, critical parties, witnesses and documents are likely found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of Colorado be, and the same hereby are, transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable Zita L. Weinshienk for coordinated or consolidated pretrial proceedings with the actions pending there.

FOR THE PANEL:

John F. Nangle
Chairman

Schedule A

MDL-915 -- In re Alert Income Partners Securities Litigation

### District of Delaware

Axton Candy & Tobacco Co., Inc. v. Alert Holdings, Inc., et al.,
  C.A. No. 91-CV-612
Asher Z. Rabinowitz, M.D. v. Alert Holdings, Inc., et al.,
  C.A. No. 91-CV-615
T.S.M. Investment Corp., et al. v. Larry H. Welch, et al.,
  C.A. No. 91-CV-705

### Central District of California

Alfred Keran, et al. v. Alert Management Services, Inc., et al.,
  C.A. No. 92-331-IH

### Northern District of California

Ernest L. Prien, et al. v. Alert Holdings, Inc., et al.,
  C.A. No. C91-4223-VRW

### Southern District of New York

Alfred A. Relvas, et al. v. Henry L. Hillman, et al.,
  C.A. No. 92-Civ-0916(VLB)

### District of Colorado

Paul A. Wischmeyer, etc. v. Larry H. Welch, et al.,
  C.A. No. 92-407
Joseph Migliozzi, et al. v. Henry L. Hillman, et al.,
  C.A. No. 92-538

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 5 1992

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 915

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ALERT INCOME PARTNERS SECURITIES LITIGATION

Patricia A. Brown, et al. v. The Hillman Company, et al.,
C.D. California, C.A. No. 2:92-0306

BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN,* MILTON POLLACK, LOUIS H. POLLAK, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the above-captioned action (*Brown*) to vacate the Panel's order conditionally transferring *Brown* to the District of Colorado for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Zita L. Weinshienk. Several defendants in *Brown* and in the previously centralized actions oppose the motion and favor transfer of *Brown*.

On the basis of the papers filed,[1] the Panel finds that *Brown* involves common questions of fact with the actions in this litigation previously centralized in the District of Colorado, and that transfer of *Brown* to the District of Colorado for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We also find that transfer of *Brown* is appropriate for reasons expressed by the Panel in our original transfer order in this docket. *See In re Alert Income Partners Securities Litigation*, MDL-915 (J.P.M.L. April 9, 1992) (unpublished order).

---

* Judge Dillin took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of transfer of this action under Section 1407 was submitted on the briefs. Rule 17(b), R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Patricia A. Brown, et al. v. The Hillman Company, et al.*, C.D. California, C.A. No. 2:92-0306, be, and the same hereby is, transferred to the District of Colorado, and, with the consent of that court, assigned to the Honorable Zita L. Weinshienk for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman